1   JEFFER MANGELS BUTLER & MITCHELL LLP
    ROD S. BERMAN (Bar No. 105444) *rberman@jmbm.com*
2   GREGORY CORDREY (Bar No. 190144) *gcordrey@jmbm.com*
    WHITNEY E. FAIR (Bar No. 280713) *wfair@jmbm.com*
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California  90067-4308
4   Telephone:   (310) 203-8080
    Facsimile:   (310) 203-0567
5
    Attorneys for Plaintiff HELMET HOUSE, INC.
6

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11  | HELMET HOUSE, INC., a California | CASE NO. 2:14-CV-09583 |
    | corporation, | |
12  | | **COMPLAINT FOR:** |
    | Plaintiff, | |
13  | | **(1)  PATENT INFRINGEMENT** |
    | v. | |
14  | | **(2)  FALSE DESIGNATION (LANHAM ACT § 43(A));** |
    | RPM GEAR, INC., d/b/a OLYMPIA | |
15  | MOTO SPORTS, a North Carolina | **(3)  COMMON LAW TRADEMARK INFRINGEMENT;** |
    | corporation. | |
16  | | **(4)  UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200);** |
    | Defendant. | |
17  | | |
18  | | |
19  | | **DEMAND FOR TRIAL BY JURY** |
20

21       Plaintiff Helmet House, Inc. ("Plaintiff"), through its attorneys of record,

22  alleges as follows:

23                        **THE PARTIES**

24       1.    Plaintiff is a California corporation whose principal place of business is

25  in Calabasas, California.

26       2.    Defendant RPM Gear, Inc., d/b/a Olympia Moto Sports ("Defendant") is

27  a North Carolina corporation with a business and mailing address of 824 Locust

28  Street, Suite 100, Hendersonville, NC 28792.  On information and belief, Defendant

1  conducts business throughout the United States, including in this judicial district, on a

2  regular and ongoing basis.

3  ## JURISDICTION AND VENUE

4        3.   Jurisdiction in this Court arises under the patent laws of the United States,

5  35 U.S.C. §§ 271 and 289; and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

6  The matter in controversy exceeds the sum or value of Seventy Five Thousand

7  Dollars ($75,000), exclusive of interest and costs.  This Court has jurisdiction over

8  these claims pursuant to 28 U.S.C. §§ 1331 and 1332(a).

9        4.   The state law claims in this action arise from the same common nucleus of

10  operative facts and transactions, such that they form part of the same case or

11  controversy and a plaintiff would ordinarily be expected to try them all in a single

12  judicial proceeding.  Accordingly, this Court may exercise supplemental jurisdiction

13  over the state law claims pursuant to 28 U.S.C. § 1367.

14        5.   Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and (c) and

15  § 1400(b) because a substantial part of the claims arose in this judicial district.

16  ## GENERAL ALLEGATIONS

17        6.   Plaintiff is a designer and distributor of clothing, accessories, and gear

18  relating to motorcycles.

19        7.   Plaintiff is the sole owner of U.S. Patent Nos. 8,156,573 and 7,779,485

20  (the "Patents") directed to a motorcycle jacket, including all rights to enforce the

21  Patents and to recover for infringement.  A copy of each of the Patents is attached

22  hereto as Exhibits A and B, and incorporated herein.

23        8.   Among the products offered for sale by Plaintiff is a motorcycle rain suit

24  jacket bearing Plaintiff's "AQUA-BARRIER" trademark.  A true and correct image

25  of Plaintiff's Sentinel 2.0 Rainsuit Jacket is attached hereto as Exhibit C.

26        9.   Plaintiff owns a pending federal trademark application for the AQUA-

27  BARRIER mark.

28        10.   Plaintiff's AQUA-BARRIER branded products have achieved a

Jeffer Mangels
Butler & Mitchell LLP

JMBM

PRINTED ON

RECYCLED PAPER

LA 11494364v1

- 2 -

1
2
3

reputation for quality and style.  Consumers have come to associate the AQUA-BARRIER mark with Plaintiff.  Consumers recognize the mark as indicating that Plaintiff is the source, sponsor, or is affiliated with, the products bearing them.

4
5
6
7
8

     11.    Defendant sells various motorcycle gear, including, without limitation, jackets and rain gear.  On information and belief, Defendant has displayed, offered for sale and sold jackets and rain gear bearing the AQUA-BARRIER mark.  True and correct images of two of Defendant's infringing products are attached hereto as Exhibits D and E respectively.

9

**FIRST CAUSE OF ACTION**

10

Patent Infringement – 35 U.S.C. §§ 271 and 289

11
12

     12.    Plaintiff incorporates by reference paragraphs 1 through 11 of this Complaint.

13
14
15
16
17
18
19

     13.    Defendant has been and is presently infringing the Patents within this judicial district and elsewhere by: (i) importing, making, using, selling and/or offering to sell a motorcycle jacket and rain gear which is described by at least one claim of each of the Patents; and/or (ii) inducing others to infringe the Patents; and/or (iii) contributing to the infringement of the Patents.  Defendant's infringing jacket is known as the "Olympia Ranger Jacket" and its infringing rain gear is known as the "Horizon" rain gear (the "Infringing Products").

20
21
22

     14.    On information and belief, Defendant will continue to infringe the Patents and irreparably harm Plaintiff unless its infringing activities are enjoined by this Court.

23
24

     15.    The actions complained of infringe the Patents in violation of 35 U.S.C. §§ 271 and 289.

25

     16.    Plaintiff has no adequate remedy at law.

26
27
28

     17.    On information and belief, before it began infringing the Patents, Defendant knew of  the Patents, and knew that the sales of its products infringe the Patents, but nevertheless, continues to infringe them.  Defendant's infringement is

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

LA 11494364v1

1    willful and stands out from other cases, and thus this is an exceptional case entitling it

2    to its reasonable attorneys' fees.

3        18.    In view of the foregoing, Plaintiff is entitled to its damages and lost

4    profits, Defendant's profits, treble damages, injunctive relief, costs, and its reasonable

5    attorneys' fees.

6                        **SECOND CAUSE OF ACTION**

7                    False Designation of Origin – 15 U.S.C. § 1125(a)

8        19.    Plaintiff incorporates by reference paragraphs 1 through 18 of this

9    Complaint.

10       20.    Defendant, through the acts and omissions described above, has used in

11   commerce words, terms, names, symbols, and devices which are false designations of

12   origin and confusingly similar to those of Plaintiff, in a manner that is likely to cause

13   confusion or mistake or to deceive consumers as to the affiliation, connection, or

14   association of Defendant with Plaintiff, and/or as to the origin, sponsorship, or

15   approval of Defendant's goods, in violation of 15 U.S.C. § 1125(a).

16       21.    On information and belief, Defendant is also liable for contributory

17   trademark infringement, in that, with knowledge of its infringing conduct, it induced,

18   caused, and/or materially contributed to the infringing conduct of its customers.

19       22.    Defendant's actions are willful, malicious, fraudulent, deliberate, and

20   intended to confuse the public.

21       23.    Plaintiff has suffered, and continues to suffer, damages to its profits,

22   sales, and business as a result of Defendant's acts of false designation.  Plaintiff has

23   sustained, and will continue to sustain, great and irreparable injury in that it will lose

24   customers and good will.  Plaintiff has no adequate remedy at law for these injuries.

25   Unless Defendant is restrained from making such false designations in the future,

26   Plaintiff will be compelled to bring a multiplicity of suits to protect its interests.

27       24.    In addition to recovery of compensatory damages, Plaintiff also seeks

28   recovery of its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117.

PRINTED ON

RECYCLED PAPER

LA 11494364v1

- 4 -

JMBM Jeffer Mangels Butler & Mitchell LLP

**THIRD CAUSE OF ACTION**

Common Law Trademark Infringement

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint.

26.     The acts and omissions of Defendant, as set forth above, constitute common law trademark infringement.

27.     Defendant's use of Plaintiff's AQUA-BARRIER mark is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association of Plaintiff, its AQUA-BARRIER mark, with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods.

28.     Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendant's acts of infringement.  Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.  Plaintiff has no adequate remedy at law for these injuries. Unless Defendant is restrained from such infringement in the future, Plaintiff will be compelled to bring a multiplicity of suits to protect its interests.

29.     In performing the acts and omissions herein alleged, Defendant is guilty of intentional, oppressive, malicious, reckless and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount subject to proof.

**FOURTH CAUSE OF ACTION**

Unfair Business Practices – California Bus. & Prof. Code § 17200

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint.

31.     Defendant has committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 et seq., by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500.

PRINTED ON

RECYCLED PAPER

LA 11494364v1

- 5 -

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    32.    These acts and practices violate Business and Professions Code Section

2    17200 in that they are illegal, unfair and/or fraudulent business practices.

3    33.    The unlawful, unfair and/or fraudulent business practices as described

4    above, present a continuing threat to members of the public in that Plaintiff and

5    members of the general public have no other adequate remedy at law to halt and

6    remedy said practices and/or policy.

7    34.    As a direct and proximate result of the aforementioned acts, Defendant

8    received and continues to hold ill-gotten gains resulting from its unfair business

9    practices, which properly belong to Plaintiff.  Plaintiff, accordingly, seeks restitution

10   of all such gains.

11                              **PRAYER FOR RELIEF**

12   WHEREFORE, Plaintiff prays that the Court enter a judgment in its favor and

13   against Defendant including:

14   1.    For the First Cause of Action:

15   (a) A judgment declaring that Defendant has infringed the Patents and

16   has willfully violated the applicable laws of the United States, all to the detriment of

17   Plaintiff;

18   (b) An order enjoining and restraining, preliminarily and then

19   permanently, Defendant, its agents, servants, employees, attorneys, and all persons in

20   active concert, privity or participation with it, from doing, abiding, causing or

21   abetting infringement of the Patents or inducing or contributing to infringement of the

22   Patents;

23   (c) For a judgment directing that any products in the possession, custody

24   or control of Defendant which infringe the Patents be delivered up and destroyed or

25   modified to remove any infringement within 30 days of entry of judgment;

26   (d) For a judgment directing Defendant to recall all of its products that

27   infringe the Patents;

28   (e) For a judgment against Defendant awarding Plaintiff its damages,

PRINTED ON

RECYCLED PAPER

LA 11494364v1

- 6 -

1 including, without limitation, a reasonable royalty and/or its lost profits, including,

2 without limitation:

3         1.      all damages sustained by Plaintiff as a result of Defendant's

4 unlawful infringement of the Patents, together with appropriate interest on such

5 damages and that such damages be trebled, pursuant to 35 U.S.C. §§ 284 and 289;

6 and

7         2.      all profits derived by Defendant from its infringement of the

8 Patents;

9       (f) For an order that this be deemed an exceptional case and that Plaintiff

10 recover from Defendant all of its attorneys' fees, costs, disbursements and other

11 expenses Plaintiff has incurred due to Defendant's illegal actions, including but not

12 limited to reasonable attorneys' fees; and

13       (g) For an order awarding Plaintiff such other and further relief as the

14 Court may deem just and proper;

15     2.    For the <u>Second Cause of Action</u>:  for damages according to proof at trial,

16 in an amount no less than $75,000, including but not limited to (1) Plaintiff's actual

17 damages, and (2) Defendant's profits; for an order pursuant to 15 U.S.C. § 1116

18 temporarily, preliminarily, and permanently enjoining Defendant, and all of its

19 principals, servants, officers, directors, partners, agents, representatives, shareholders,

20 employees, affiliates, successors, and assignees, and all others acting in privity,

21 concert, or participation with them, from (a) manufacturing, selling, or distributing

22 any product or related marketing materials that bear the term AQUA-BARRIER or

23 any confusingly similar mark, (b) using Plaintiff's registered mark or any confusingly

24 similar mark, or (c) assisting, aiding, or abetting any person in engaging or

25 performing any of the acts in (a) or (b); for an order of destruction of Infringing

26 Products pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant to 15

27 U.S.C. §1117(a); and for such other and further legal and equitable relief as the Court

28 deems just and proper;

PRINTED ON

RECYCLED PAPER

LA 11494364v1

3.    For the <u>Third Cause of Action</u>:  for damages according to proof at trial, in an amount no less than $75,000, including but not limited to (a) Plaintiff's actual damages, and (b) Defendant's profits; for an order temporarily, preliminarily, and permanently enjoining Defendant, and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (a) manufacturing, selling, or distributing its Infringing Products, (b) using Plaintiff's registered mark or any confusingly similar mark, or (c) assisting, aiding, or abetting any person in engaging or performing any of the acts in (a) or (b); for an order of destruction of Infringing Products pursuant to 15 U.S.C. § 1118; for punitive damages; and for such other and further legal and equitable relief as the Court deems just and proper;

4.    For the <u>Fourth Cause of Action</u>:  an accounting of all profits derived by Defendant as a result of its unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; for an order temporarily, preliminarily, and permanently enjoining Defendant, and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (a) manufacturing, selling, or distributing its Infringing Products, (b) using Plaintiff's registered mark or any confusingly similar mark, or (c) assisting, aiding, or abetting any person in engaging or performing any of the acts in (a) or (b); and for such other and further legal and equitable relief as the Court deems just and proper.

DATED: December 15, 2014      JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
GREGORY CORDREY
WHITNEY E. FAIR
By:  /s/ ROD S. BERMAN_____
ROD S. BERMAN
Attorneys for Plaintiff HELMET HOUSE, INC.

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiff hereby demands a jury trial as provided in Rule 38(a) of the

4    Federal Rules of Civil Procedure.

5

6

7    DATED: December 15, 2014        JEFFER MANGELS BUTLER & MITCHELL LLP

8                                    ROD S. BERMAN
                                     WHITNEY E. FAIR
9

10                                   By: /s/ ROD S. BERMAN_____

11                                   ROD S. BERMAN
                                     Attorneys for Plaintiff HELMET HOUSE, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

LA 11494364v1